**DeOrchis, Wiener & Partners, LLP**
61 Broadway, 26th Floor
New York, N.Y. 10006-2802
(212) 344-4700

Attorneys for Defendant
CSX TRANSPORTATION, INC.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
GERLING-KONZERN ALLGEMEINE
VERSICHERUNGS A.G.,

           Plaintiff,

 - against -

CSX TRANSPORTATION, INC.

         Defendant.
------------------------------------------------------------X

      **07 CIV 7865 Judge Leisure**

       **ANSWER AND**
     **AFFIRMATIVE DEFENSES**

## ANSWER AND AFFIRMATIVE DEFENSES

  Defendant CSX Transportation, Inc., by and through undersigned counsel, answering the Complaint filed herein by Gerling-Konzern Allgemeine Versicherungs A.G. (hereinafter "Gerling"), states as follows:

  1.  Denies knowledge or information sufficient to form a belief as to the truth of Paragraphs 1, 2, 3, 5, 8 and 10, and therefore denies the same.

  2.  Denies each and every allegation contained in Paragraph 4, except admits that CSX Transportation, Inc. (hereinafter "CSXT") was and now is a corporation organized and existing under and by virtue of one of the laws of the United States.

  3.  Denies each and every allegation contained in Paragraphs 6, 7 and 9.

## AFFIRMATIVE DEFENSES

### FOR A FIRST AFFIRMATIVE DEFENSE

4.   That CSXT has a sister company, CSX Intermodal, Inc. (hereinafter "CSXI"), which arranges, as a shipper's agent, all rail transportation services for container or trailer on flat car services with CSXI's customers.  Further, pursuant to the terms of its contract with CSXI's customers, the terms of CSXI Service Directory No. 1 apply to all such services.  As authorized in CSXI Service Directory No. 1, CSXI arranges only contract services with the railroads providing transportation of sealed containers and sealed trailers.  In its contract, CSXI Service Directory No. 1, requires that should loss or damage occur to any shipment, that any claimant is required to file a written claim with CSXI within eight months of delivery of the shipment.

5.     On information and belief, before filing this Complaint, plaintiff never filed a written claim with CSXI, nor with CSXT, and therefore if CSXT transported the container that contained plaintiff's shipment, plaintiff's claim is time-barred for failure of plaintiff to file a timely written claim.  Both CSXI and CSXT have reviewed their records and can find no written claim ever filed with them by plaintiff with regard to the shipment which is the subject matter of the complaint, and the contract required that the claim be filed within eight months of delivery of the shipment, and therefore plaintiff's complaint is time-barred for failure to file a timely written claim.

### FOR A SECOND AFFIRMATIVE DEFENSE

6.   CSXT can find no record that the shipment described in the Complaint was transported in the container for the cargo alleged in the Complaint.  CSXT does find that it transported a container, the number of which has been supplied to it by plaintiff, at or about the time referred to in plaintiff's Complaint, but the cargo listed is not the cargo indicated by

plaintiff. However, if there was such a shipment, pursuant to the terms of the contract entered into between the shipper and CSXI, CSXI was authorized to enter into a contract with a rail carrier for the transportation of the shipper's shipment. Under the terms of the contract in effect between CSXI and CSXT, the parties agreed that CSXT would only be liable if damage occurred to the shipment by reason of a derailment. Plaintiff's complaint fails to allege that the damage to plaintiff's shipment was caused by a derailment, and therefore plaintiff's Complaint must be dismissed.

## FOR A THIRD AFFIRMATIVE DEFENSE

7.   That neither CSXT nor CSXI offers their customers refrigerated services, and CSXI's contract states that if refrigerated service is required, it must be obtained by the customer from a third party vendor.

8.   If there was such a shipment arranged by CSXI, and that shipment was allegedly damaged, then the damage was caused by a third party that neither CSXI nor CSXT had any control over, nor any responsibility for failure to provide such services, and therefore the Complaint against CSXT must be dismissed.

## FOR A FOURTH AFFIRMATIVE DEFENSE

9.   If the cargo, which is the subject matter of this lawsuit, and which was allegedly damaged, was replaced by the plaintiff, then plaintiff may not recover in excess of its replacement cost, or the package limitation set out in the contract, whichever is less.

## FOR A FIFTH AFFIRMATIVE DEFENSE

10.   The plaintiff in this case has failed to mitigate its damages and, therefore, plaintiff may not recover.

## FOR A SIXTH  AFFIRMATIVE DEFENSE

11.    That if there was such a shipment delivered to CSXT, and the shipment arrived damaged as alleged by plaintiff, then plaintiff, or someone on its behalf, was required to notify CSXI, pursuant to CSXI Service Directory No. 1 within 24 hours of delivery by fax or phone of the alleged damage, so CSXI could arrange an inspection.

12.    Plaintiff failed to provide the proper notification as required by the contract with CSXI, and pursuant to the terms of Service Directory No. 1, such failure constituted an unconditional release of CSXI and CSXT for any alleged damages to the shipment, and therefore plaintiff's Complaint must be dismissed.

## **FOR A SEVENTH AFFIRMATIVE DEFENSE**

13.    In accordance with the shipper's contract with CSXI, Service Directory No. 1, plaintiff was required to submit a request for mediation prior to the institution of any lawsuit, and plaintiff failed to do so, and therefore the Complaint must be dismissed.

WHEREFORE, this Defendant respectfully requests that the Complaint be dismissed together with costs and disbursements of this action, and for such other and further relief as to this Court may seem just and proper.

I HEREBY CERTIFY that a true copy of the foregoing was filed electronically and sent via transmission of Notices of Electronic Filing generated by CM/ECF to James A. Saville, Jr., Esq., Hill, Rivkins & Hayden LLP, 45 Broadway-Suite 1500, New York, New York 10006-3739 on this 19th day of November, 2007.

Dated:  New York, New York
      November 19, 2007

De ORCHIS, WIENER & PARTNERS, LLP
Attorneys for Defendant CSX Transportation, Inc.
61 Broadway, 26th Floor
New York, N.Y. 10006-2802

4

Tel: 212-344-4700
Fax: 212-422-5299

By:_____s/ William E. Lakis_____
        William E. Lakis, Esq. (WL-9355)

**OF COUNSEL:**
DeOrchis, Hillenbrand, Wiener & O'Brien, LLP
By:_____s/ Hyman Hillenbrand_____
        Hyman Hillenbrand (HH-2869)
        8751 West Broward Blvd., Suite 203
        Fort Lauderdale, FL 33324
        Tel. (954) 652-0100
        Fax. (954) 652-0103